Case: 3:07cv746

Eddie A. Banks #363469
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

------------------------------------------------------------





IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDDIE A. BANKS,

    Petitioner,

v.

                                Civil Action No. 3:07CV746-HEH

GENE JOHNSON, *et al.*,

    Respondents.

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2254 Petition Without Prejudice)

Petitioner, a former Virginia state prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for Prince William County ("Circuit Court"). Petitioner's grounds for relief are recited verbatim:

| | |
|---|---|
| Claim 1 | Independent Constitutional Claim of lack of Jurisdiction |
| Claim 2 | Petitioner did not have counsel nor standby counsel at trial nor a valid wavier of counsel exsists [sic]. |
| Claim 3 | Indigent Petitioner did not receive free transcripts on appeal. |
| Claim 4 | Violation of a Treaty to which the U.S. is party. |
| Claim 5 | Fraud on court. |
| Claim 6 | Denial of due process of law. |
| Claim 7 | Petitioner denied equal protection of the law. |
| Claim 8 | Violation of the Bill of Rights to the Constitution for the United States. |

  Claim 9  Constitutional Violations.

  Claim 10  Violation of the Supremacy Clause Article VI § 2 of the U.S. Constitution.

  Claim 11  Point by court decision.

(Hab. Pet. 6-11 & Attachment.)

Respondent Gene Johnson has moved to dismiss on the grounds that all of Petitioner's claims are procedurally defaulted. Although Respondent Johnson filed a *Roseboro*[1] notice advising Petitioner that he was entitled to file a response to this motion, Petitioner has not responded. Because the time for filing a response has long since expired, the matter is properly before the Court for review and disposition.

## I. PROCEDURAL HISTORY

On April 17, 2006, Petitioner was convicted of possession of a firearm by a felon and of altering a state license plate. He was sentenced to two years and six months of imprisonment. The final judgment was entered by the Circuit Court on August 18, 2006. Thereafter, Petitioner filed a habeas corpus petition in the Court of Appeals of Virginia in which he raised Claim 1, as well as several additional claims not raised here. Consistent with Virginia Code § 8.01-654(A) and the rule of *White v. Garraghty*, 341 S.E.2d 402 (Va. 1986),[2] the Court of Appeals of Virginia found that it did not have jurisdiction to

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1979).

[2] Section 8.01-654(A)(1) states: "The writ of habeas corpus ad subjiciendum shall be granted forthwith by the Supreme Court or any circuit court, to any person who shall apply for the same by petition . . ." Va. Code Ann. § 8.01-654(A)(1) (2007). *White v.*

2

consider the habeas petition because an adequate remedy existed in the Circuit Court. *Banks v. Dep't of Corr.*, Record No. 2605-06-4 (Va. Ct. App. Jan. 22, 2007). The Court of Appeals of Virginia dismissed the petition without prejudice to Petitioner's right to file his habeas petition in the Circuit Court. *Id.* Petitioner did not thereafter file a state habeas petition asserting Claim 1, or any of the claims he raises in his current petition.

Petitioner also attempted to appeal his convictions to the Court of Appeals of Virginia and raised a version of Claim 2 in that appeal. The Court of Appeals of Virginia found that the transcripts from the numerous hearings leading up to Petitioner's trial, in which Petitioner's right to counsel and the waiver of this right were discussed, were indispensable to a determination of the claim presented on appeal. *Banks v. Commonwealth*, Record No. 2298-06-4, Order at 1 (Va. Ct. App. May 17, 2007). Because Petitioner failed to submit either the transcripts of the proceedings leading up to his trial or a written statement of facts about these proceedings, the Court of Appeals of Virginia held that the record was insufficient to permit proper appellate review and dismissed Petitioner's appeal pursuant to Rule 5A:8 of the Rules of the Virginia Supreme

---

*Garraghty* stands for the proposition that "'the [Virginia] General Assembly terminated the jurisdiction of [Virginia's intermediate appellate courts] to hear and determine appeals from a final decision, judgment or order of a circuit court involving a petition for a writ of habeas corpus . . . .'" *O'Dell v. Netherland*, 95 F.3d 1214, 1241 n.21 (4th Cir. 1996) (quoting *White*, 341 S.E.2d at 405-06) (second alteration in original). Accordingly, the Court of Appeals of Virginia determined that it did not have jurisdiction over Petitioner's state habeas petition.

3

Court. *Id.* Petitioner did not appeal this decision to the Supreme Court of Virginia.[3] Accordingly, none of the claims Petitioner raises in his federal habeas petition have been presented to the Supreme Court of Virginia.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Under 28 U.S.C. § 2254(b), a federal court cannot grant habeas relief unless the petitioner has exhausted the remedies available by presenting his claims to the courts of the state in which he was convicted. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-46 (1999); *Matthews*, 105 F.3d at 911 (citing *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)). In *Rhines v. Weber*, the United States Supreme Court approved the use of a "stay and abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, *i.e.*, those petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 274-76 (2005). Nevertheless, where a petitioner has failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petition without

---

[3] On July 17, 2007, the Supreme Court of Virginia denied Petitioner's motion for an extension of time to file a notice of appeal with the Court of Appeals of Virginia to appeal that court's May 17, 2007 dismissal order. The Supreme Court of Virginia, however, specifically issued the denial without prejudice to Petitioner's right to seek the appropriate relief by filing a motion for delayed appeal pursuant to Virginia Code § 19.2-321.1, or a petition for a writ of habeas corpus. *Banks v. Commonwealth*, Ct. of App. No. 2298-06-4 (Va. July 17, 2007).

4

prejudice because the use of the "stay and abeyance" procedure for certain "mixed" federal habeas petitions is inapplicable. *See, e.g., Pitman v. Runnels*, No. 2:07cv03684-DSF, 2007 WL 4940289, at *5 (C.D. Cal. Dec. 20, 2007) ("When the petition at issue is not mixed, but fully unexhausted, the stay and abeyance procedure discussed in *Rhines* does not apply." (citations omitted)); *Casiano v. State Jail/Prison Doc Warden*, No. 3:04cv1612 (JCH), 2006 WL 463137, at *2 (D. Conn. Feb. 22, 2006); *cf. Jackson v. Roe*, 425 F.3d 654, 659-661 (9th Cir. 2005) ("*Rhines* applies to stays of *mixed* petitions . . . .").

In Virginia, a non-death row inmate can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him or her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. *See* Va. Code § 8.01-654(A)(1) (2007). Third, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. *Id.* "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005), *aff'd in part, appeal dismissed in part*, 173 F. App'x 203, 204 (4th Cir. 2006) (No. 05-7019) (*per curiam*); *see*

5

*also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

In this case, the record clearly shows that Petitioner has not properly presented any of his claims to the Supreme Court of Virginia as required. *See Sparrow*, 439 F. Supp. 2d at 587. Petitioner did not directly appeal the judgment of conviction up to the Supreme Court of Virginia, nor did he file a petition for habeas corpus in that court. Nevertheless, the time for filing a state habeas petition in the Supreme Court of Virginia has not yet expired. *See* Va. Code Ann. § 8.01-654(A)(2) (2007).[4] Respondent Johnson does not explain why, in light of that remedy, Petitioner's present claims should be considered exhausted and procedurally defaulted. Accordingly, Petitioner's failure to exhaust the state remedies warrants summary dismissal of the petition without prejudice for him to exhaust his state court remedies by presenting his claims to the Supreme Court of Virginia.[5] *Egan v. Johnson*, No. 7:07cv00264, 2007 WL 1597623, at *1 (W.D. Va. May 31, 2007), *appeal dismissed*, 252 F. App'x 529 (4th Cir. 2007) (No. 07-7075); *Graham*, 2005 WL 1035496, at *2.

---

[4] Section 8.01-654(A)(2) provides, in pertinent part:
"A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. 8.01-654(A)(2).

[5] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described.

6

## III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus will be dismissed without prejudice for failure to exhaust state court remedies. Respondent Johnson's motion to dismiss (Docket No. 4) will be denied as moot, and the action will be dismissed.

An appropriate Order shall issue.

/s/
Henry E. Hudson
United States District Judge

Date: June 25, 2008
Richmond, Virginia

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDDIE A. BANKS,

    Petitioner,

v.                                         Civil Action No. 3:07CV746-HEH

GENE JOHNSON, *et al.*,

    Respondents.

## ORDER
### (Dismissing 28 U.S.C. § 2254 Petition Without Prejudice)

In accordance with the accompanying Memorandum Opinion, it is hereby

ORDERED that: the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is

DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies;

Respondent Gene Johnson's motion to dismiss (Docket No. 4) is DENIED as MOOT; and

the action is DISMISSED.

Petitioner is advised that he has the right to appeal the decision of this Court.

Should he wish to do so, written notice of appeal must be filed with the Clerk of the Court

within thirty (30) days of the date of entry hereof. Failure to file a written notice of

appeal may result in the loss of the right to appeal.

The Clerk of the Court is DIRECTED to send a copy of the Memorandum Opinion

and this Order to Petitioner and counsel of record for Respondents.

It is SO ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: June 25, 2008
Richmond, Virginia

2

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
1000 EAST MAIN STREET, SUITE 305
RICHMOND, VIRGINIA 23219-3525

OFFICIAL BUSINESS

RECEIVED
JUL 11 2008
STAFF ATTORNEY
RICHMOND, VA



016H16503775
$00.760
Mailed From 06/26/2008 23219
US POSTAGE
Hasler

NIXIE    232 DE 1    08  07/05/08
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 23219351480    *1392-00590-26-39
RETURN TO SENDER
FORWARDING TIME...